# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN BRAUNSTEIN,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:14-cv-00853-JCM-VCF

**ORDER**

    The court dismissed this action because petitioner had not received authorization to file a second or successive petition for a writ of habeas corpus, as required by 28 U.S.C. § 2244(b). Petitioner has submitted a motion for reconsideration (#9), which is without merit.

    First, petitioner points to an order of the court of appeals that, he argues, requires this court to consider his petition. The order, exhibit 1 to his motion, was in response to a habeas corpus petition that he filed in the court of appeals. The court of appeals informed him that he needed to pursue the petition in district court. The court of appeals made no statement that it was authorizing a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3), and this court will not construe the order as such an authorization.

    Second, petitioner argues that the court is without jurisdiction to construe the petition as one pursuant to 28 U.S.C. § 2254. Petitioner is in custody pursuant to a judgment of conviction of state court, and he is challenging the validity of that custody. Section 2254 governs the proceeding. Petitioner cannot try to invoke some other statutory provision because he dislikes the restrictions that § 2254 places upon him.

1  Third, petitioner argues that this is not a second or successive petition because of an amended judgment of conviction entered August 12, 2010. "[T]he latter of two petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'" <u>Wentzell v. Neven</u>, 674 F.3d 1124, 1127 (9th Cir. 2012) (quoting <u>Magwood v. Patterson</u>, 561 U.S. 320, 341 (2010)). However, petitioner challenged that amended judgment in <u>Braunstein v. Cox</u>, 3:11-cv-00587-LRH-WGC, and that court dismissed that action as procedurally defaulted. There is not another amended judgment that intervened between the dismissal of that action and the commencement of this action. <u>Magwood</u> is inapplicable.[1]

Third, petitioner argues that he has not had an unobstructed procedural shot at presenting his claims. Petitioner is referring to 28 U.S.C. § 2255(e), which allows a person in custody pursuant to a <u>federal</u> judgment of conviction to pursue a petition for a writ of habeas corpus if the remedy granted by a motion pursuant to § 2255 is inadequate. That provision is inapplicable to a person in custody pursuant to a state judgment of conviction.

Finally, petitioner argues that the court's ruling in <u>Braunstein v. Cox</u> was fraudulent. In that action, this court denied a certificate of appealability, and the court of appeals did the same. Petitioner cannot challenge the validity of that final judgment in this action.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (#9) is **DENIED**.

DATED: December 19, 2014.

_____
JAMES C. MAHAN
United States District Judge

---

[1] Petitioner also argues that, because of <u>Magwood</u>, <u>Braunstein v. Cox</u> should not have been dismissed as procedurally defaulted. He is incorrect. <u>Magwood</u> specifically stated that "that procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not." 561 U.S. at 340.

-2-